LOUIS SMADBECK, Appellant, v. GEORGE H. SISSON
AND JOHN J. SAFELY, Respondents.

*Attachment — the affidavit must show that a cause of action exists in favor of the plaintiff — when a demand and refusal to pay for services rendered must be alleged.*

The plaintiff obtained an attachment against the property of the defendants, as non-residents, upon an affidavit stating that the defendants were indebted to him, in a sum named, for work, labor and services done and performed by him for them at their request, the reasonable worth of which they had promised to pay; that such work and services were reasonably worth the sum of $20,000; that no part of it had been paid, and that the said sum was still due and owing from the defendants to the plaintiff, over and above all counter-claims. It was then stated that the said work, labor and services were performed during a period extending from September 1, 1882, down to the time of the commencement of the action.

*Held,* that as the action was commenced on the very day the services were completed, and as the defendants were entitled to the whole of that day to pay for them, and as no demand and refusal to pay was alleged, no cause of action was shown and the attachment was properly dissolved.

APPEAL from an order made at a Special Term, vacating an attachment against the property of the defendants as non-resident debtors.

*Morris Goodhart* and *P. J. Joachimsen,* for the appellant.

*Stern & Myers,* for the respondents.

BRADY, J.:

The learned judge in the court below vacated the attachment granted in this case upon the ground that a cause of action was not clearly made out by the affidavit on which it was granted. The statement in the affidavit of the plaintiff is, that the defendants were indebted to him in a sum of money mentioned, over and above all counter-claims, and upon facts which he recited, namely, for work, labor and services done and performed, and caused to be done and performed, by and for the defendants, at their special instance and request, in consideration that they undertook to pay what the services were reasonably worth, and then stated of what the services consisted. He further alleged that the work and

services thus indicated were reasonably worth the sum of $20,000, that no part of it had been paid, and that the sum which they were reasonably worth was still due and owing from the defendants to the plaintiff, over and above all counter-claims. Then follows a state-ment that the "said work, labor and services were performed during a period from September 1, 1882, in Arizona, to the time of the commencement of this action," so that the action was commenced at the time the services were complete.

It would appear from this statement that on the very day that the services were completed and all the obligations on the part of the plaintiff performed, the action was commenced. There is no statement of any notification to the defendants that the services were completed, no evidence of any demand having been made, no proof of any refusal to pay, and no statement of any fact from which the court could draw the inference that in this regard the right of action was complete on the day when the action was com-menced. This element of the case was one of great importance in the consideration of the propriety of granting the attachment. It is discussed in an elaborate opinion by the justice in the court below, who arrived at the conclusion that there was no evidence of any breach of the contract, that there was no demand, and that there was no refusal to pay, therefore, that there was no fact stated from which the court could say there was a breach of contract; that the affidavit literally read meant that the suit was commenced simulta-neously with the performance of the work, and that the only evidence of the breach was the plaintiff's own assertion. And the judge further remarked that if the affidavit of the plaintiff was true, there was not an instant of time between the completion of the work and the commencement of the action.

The case of *Kiefer* v. *Webster* (6 Hun, 526), is not in conflict with these views, because the allegation in that case was that the defendants were indebted to the plaintiffs in a sum named for goods sold and delivered, for which they had promised to pay but failed to do.

We think the disposition of the application was a proper one and that the attachment should have been vacated as it was.

The order appealed from is therefore affirmed, with ten dollars costs and the disbursements of the appeal.

DANIELS, J.:

The defendants were entitled to the whole of the day in which the services were completed to pay for their performance. The action was, therefore, prematurely commenced, and the attachment was properly set aside.

Present — BRADY, P. J., and DANIELS, J.

Order affirmed, with ten dollars costs and disbursements.